PER CURIAM.
Appellants herein brought suit against the Dade County Board of County Commissioners and others to prevent the sale and closing of $48.4 million in Dade County “Decade of Progress” General Obligation Bonds, Series G. The bonds are to be used primarily to implement construction of a “unified transportation system” for Dade County. The major feature of the proposed system will be a 16.5 mile long elevated steel-on-steel railway.
The allegations of the complaint were essentially as follows: (1) that the sale of the bonds would be premature since Dade County does not have a binding legal commitment for federal funds which are necessary to complete the project; (2) 'that the rapid transit system as it is currently planned differs substantially from the originally proposed project, and that the bond sale would therefore constitute a fraud on the public; (3) that due to the negative vote on Dade’s proposed sales tax increase in November of 1976, the County cannot demonstrate that it will be able to meet projected operating deficits. Since this is purportedly a condition precedent to any commitment for federal funds, it was again argued that the sale of bonds is premature; (4) that Dade County does not know how much it will cost to purchase the Florida East Coast Railway right-of-way as well as other properties and businesses which would have to be condemned along the path of the proposed system. Therefore, the sale of bonds at this point in time is arbitrary and unreasonable; (5) that the County Commission did not give adequate public notice of its intention to consider the matter of the bond sale and that the adoption of the resolution authorizing the sale was without effect; (6) and finally, that the adoption of the bond sale resolution was an abuse of the Dade County Commission’s power or discretion.
The trial court dismissed the complaint with prejudice. In his conclusions of law, the trial judge cited the fact that the appellants lacked the requisite standing to maintain the action and that they were guilty of gross laches, inasmuch as they had not filed their action until almost six weeks after the passage of the bond sale resolution. At the time of filing, only two business days remained before the originally scheduled closing date for the sale. The trial court also ruled that it was precluded from reviewing the first four allegations of the complaint, which related to the validity of the bond issue. In support of this ruling, the court observed that Section 75.09, Florida Statutes, prohibits collateral review of bond issues where there has been a court determination upholding the validity of such an issue. Since the Supreme Court of Florida had affirmed the validity of the “Decade of Progress” General Obligation Bond Issue in Merrill v. Dade County, 277 So.2d 783 (Fla.1973), the trial court held that it had no jurisdiction to hear this new challenge to the bond issue. However, the court specifically found that the proposed use of the bond proceeds was “within the scope of the project authorized by the voters and is therefore a proper and legal use.”
*844 The trial court finally held that the County Commission had given due and proper legal notice of their intention to consider the bond sale resolution. Therefore, since the resolution had been properly enacted and the remaining allegations of the complaint concerned the validity of the bond issue, which had already been decided, the entire complaint was dismissed with prejudice.
Although there are preliminary procedural questions at issue here, we will not consider them in light of our belief that the trial court properly ruled on the merits of the complaint. Cf. Terwilligar v. Ballard, 64 Fla. 158, 59 So. 244 (1912). Section 75.09, Florida Statutes, expresses an unequivocal legislative statement regarding the finality of court judgments which rule upon the validity of bond issues.
Counts I, III and IV of the complaint all deal with matters of financial commitment which were equally uncertain when the bond issue was initially sustained by the Supreme Court. The second count of the complaint deals with changes in the proposed rapid transit project. In this regard we will not deign to question the County Commission’s legislative expertise in light of the fact that we agree with the trial court’s conclusion that the proposed system is within the scope of the project which was authorized by the voters of Dade County and affirmed by the Supreme Court in Merrill, supra. We therefore find that the trial judge correctly determined that the Supreme Court’s decision in Merrill is, in the words of Section 75.09, “forever conclusive” as to the matters raised by the first four counts of appellants’ complaint.
There is no claim made here that the County does not have the power to build the proposed rapid transit system. Thus, since we have already ruled that the system as it now stands is within the scope of the project which was authorized by the initial “Decade of Progress” Bond Issue, we hold that the County Commission has not acted in an arbitrary or unreasonable fashion, or abused its discretion in making the alleged plan revisions.
Finally, we hold that the allegations concerning improper notice are without merit.
We therefore find that the trial court properly dismissed appellants’ complaint with prejudice. In view of the fact that this is an expedited appeal and expediency is essential, we are dispensing with the petition for rehearing. The opinion will be final when filed.
Affirmed.